1 | DAVID C. SHONKA (Acting General Counsel)
2 | MIRIAM R. LEDERER (DC Bar No. 983730)
  | mlederer@ftc.gov
3 | Federal Trade Commission
  | 600 Pennsylvania Ave., NW, CC-9528
4 | Washington, DC 20580
  | 202-326-2975 (Tel); -3197 (Fax)
5 |
6 | BARBARA CHUN (Local Counsel)
  | CA Bar No. 186907, bchun@ftc.gov
7 | Federal Trade Commission
  | 10990 Wilshire Boulevard, Suite 400
8 | Los Angeles, CA 90024
  | 310-824-4343 (Tel); -4380 (Fax)
9 |
10 | Attorneys for Plaintiff Federal Trade Commission

11 | UNITED STATES DISTRICT COURT
12 | CENTRAL DISTRICT OF CALIFORNIA

13 |

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case No. 8:17-cv-01942 |
| Plaintiff, | **COMPLAINT FOR CIVIL PENALTIES AND OTHER RELIEF** |
| v. | |
| NORM REEVES, INC., also d/b/a Norm Reeves Honda Superstore Cerritos, a California corporation; CERRITOS FORD, INC., also d/b/a Norm Reeves Ford Superstore Cerritos, Norm Reeves Lincoln, and Norm Reeves Hyundai Superstore, a California corporation; CERRITOS INFINITI, INC., also d/b/a Cerritos Infiniti, a California corporation; COASTAL AUTO SALES, INC., also d/b/a Norm Reeves Honda Superstore Huntington Beach, a California corporation; CONANT AUTOMOTIVE RESOURCES, LLC, also d/b/a Conant Auto Retail Group | |

and the CAR Group, a California limited liability company; CONANT AUTO RETAIL, SAN DIEGO, INC., also d/b/a Toyota San Diego and Scion San Diego, a California corporation; IRVINE AUTO RETAIL I, INC., also d/b/a Norm Reeves Honda Irvine, a California corporation; IRVINE AUTO RETAIL II, INC., also d/b/a Norm Reeves Volkswagen, a California corporation; IRVINE AUTO RETAIL III, INC., also d/b/a Norm Reeves Buick GMC, a California corporation; PARKWAY PREMIUM MOTORCARS, INC., also d/b/a Norm Reeves Acura of Mission Viejo, a California corporation; PORT CHARLOTTE AUTO RETAIL, INC., also d/b/a Port Charlotte Honda and Port Charlotte Volkswagen, a Florida corporation; and WEST COVINA AUTO RETAIL, INC., also d/b/a Norm Reeves Honda Superstore West Covina, a California corporation,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

                           Defendants.

Plaintiff, the Federal Trade Commission ("FTC"), for its Complaint alleges that:

1.      Plaintiff brings this action under Sections 5(*l*), 16(a), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(*l*), 56(a), and 57b, as amended; the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667, as amended; and its implementing Regulation Z, 12 C.F.R. Part 226, as amended; the Consumer Leasing Act ("CLA"), 15 U.S.C. §§1667-1667f, as amended; and its implementing Regulation M, 12 C.F.R. Part 213, as amended; to obtain monetary

civil penalties and other relief for Defendants' violations of a final Commission cease and desist order ("Consent Order").

2.     The Defendants are a group of automobile dealers in California and Florida.  All of the corporate defendants are majority owned by David Conant or the Conant Family Trust.  Defendant Conant Automotive Resources, LLC, also doing business as The Conant Auto Retail Group and the CAR Group ("The CAR Group"), provides management services to the other defendant companies.  David Conant is the President or CEO and a director of each of the defendant corporations.

3.     The Commission's Consent Order, issued February 20, 2014, expressly requires Defendants: (i) not to make misrepresentations about costs and terms of financing or leasing vehicles; (ii) to clearly and conspicuously disclose any material limitation on obtaining advertised annual percentage rates or other interest rates; (iii) to conform their consumer lease advertisements to CLA and Regulation M; (iv) to conform their closed-end credit advertisements to TILA and Regulation Z; and (v) to maintain records related to representations covered by the final Consent Order, and make those records available to the FTC.  Defendants, however, routinely violated these Consent Order provisions.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and 15 U.S.C. §§ 45(*l*), 56(a), 57b, and 1607(c).

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d), and 1395(a).

## DEFENDANTS

6.     Defendant Norm Reeves, Inc. ("Defendant-Respondent" or "Norm Reeves, Inc."), also doing business as Norm Reeves Honda Superstore Cerritos, is a California corporation.  The corporation's physical retail address is 18500

Studebaker Road, Cerritos, CA 90703.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and Director of the corporation.  Catherine Conant and Paul Conant are also directors of the corporation.  The Conant Family Trust holds 100% of the shares of the corporation.  At all times material to this Complaint, Defendant-Respondent has participated in the acts and practices described in this Complaint.  Defendant-Respondent transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, and normreeveshondacerritos.com.

7.     Defendant Cerritos Ford, Inc. ("Norm Reeves Cerritos Ford"), also doing business as Norm Reeves Ford Superstore Cerritos, Norm Reeves Lincoln, and Norm Reeves Hyundai Superstore, is a California corporation.  The corporation has retail locations at 18900 Studebaker Road, Cerritos, CA 90703 and 18818 Studebaker Road, Cerritos, CA 90703.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and Director of the corporation.  The Conant Family Trust holds 75% of the shares of the corporation.  At all times material to this Complaint, Norm Reeves Cerritos Ford has participated in the acts and practices described in this Complaint.  Norm Reeves Cerritos Ford transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, normreevesford.com, normreeveslincoln.com, and normreeveshyundai.com.

8.      Defendant Cerritos Infiniti, Inc. ("Cerritos Infiniti"), also doing business as Cerritos Infiniti, is a California corporation.  The corporation's physical retail address is 11011 South Street, Cerritos, CA 90703.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and Director of the corporation.  The Conant Family Trust holds 85% of the shares of the corporation.  At all times material to this Complaint, Cerritos Infiniti has participated in the acts and practices described in this Complaint.  Cerritos Infiniti transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, and cerritosinfiniti.com.

9.      Defendant Coastal Auto Sales, Inc. ("Norm Reeves Huntington Beach"), also doing business as Norm Reeves Honda Superstore Huntington Beach, is a California corporation.  The corporation's physical retail address is 19131 Beach Boulevard, Huntington Beach, CA 92648.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and Director of the corporation.  The Conant Family Trust holds 75% of the shares of the corporation.  At all times material to this Complaint, Norm Reeves Huntington Beach has participated in the acts and practices described in this Complaint.  Norm Reeves Huntington Beach transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, and normreeveshuntingtonbeach.com.

10.     Defendant Conant Automotive Resources, LLC ("the CAR Group"), also doing business as Conant Auto Retail Group and the CAR Group, is a

California limited liability company.  The company's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is the Chief Executive Officer of the company and a member of the LLC.  The CAR Group provides management services to each of the other corporate defendants and advertises on their behalf.  At all times material to this Complaint, the CAR Group has participated in the acts and practices described in this Complaint.  The CAR Group transacts business in this district, including through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com and cargroupdirect.com.

11.    Defendant Conant Auto Retail, San Diego, Inc. ("Conant San Diego"), also doing business as Toyota San Diego and Scion San Diego, is a California corporation.  The corporation's physical retail address is 5910 Mission Gorge Road, San Diego, CA 92120.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and Director of the corporation.  The Conant Family Trust holds 80% of the shares of the corporation.  At all times material to this Complaint, Conant San Diego has participated in the acts and practices described in this Complaint.  Defendant transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, scionsandiego.com, and toyotasandiego.com.

12.    Defendant Irvine Auto Retail I, Inc. ("Norm Reeves Honda Irvine"), also doing business as Norm Reeves Honda Irvine, is a California corporation.  The corporation's physical retail address is 16 Auto Center Drive, Irvine, CA 92618.  The corporation's registered address is 20322 SW Acacia Street, Suite 100,

Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and the only Director of the corporation.  David Conant holds 75% of the shares of the corporation.  At all times material to this Complaint, Norm Reeves Honda Irvine has participated in the acts and practices described in this Complaint.  Defendant transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, and normreeveshondairvine.com.

13.    Defendant Irvine Auto Retail II, Inc. ("Norm Reeves VW"), also doing business as Norm Reeves Volkswagen, is a California corporation.  The corporation's physical retail address is 20 Auto Center Drive, Irvine, CA 92618.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and the only Director of the corporation.  David Conant holds 75% of the shares of the corporation.  At all times material to this Complaint, Norm Reeves VW has participated in the acts and practices described in this Complaint.  Defendant transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, and normreevesvw.com.

14.    Defendant Irvine Auto Retail III, Inc. ("Norm Reeves Buick GMC"), also doing business as Norm Reeves Buick GMC during some portion of the time at issue, is an active California corporation.  The corporation's physical retail business was located at 14 Auto Center Drive, Irvine, CA 92618.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and the only Director of the corporation.  David Conant holds 75% of the

shares of the corporation.  At all times material to this Complaint, Norm Reeves Buick GMC participated in the acts and practices described in this Complaint. Norm Reeves Buick GMC transacted business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the website normreevesbuickgmc.com.

15.    Defendant Parkway Premium Motorcars, Inc. ("Norm Reeves Acura"), also doing business as Norm Reeves Acura of Mission Viejo, is a California corporation.  The corporation's physical retail address is 28802 Marguerite Parkway, Mission Viejo, CA 92692.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and Director of the corporation.  The Conant Family Trust holds 90% of the shares of the corporation. At all times material to this Complaint, Norm Reeves Acura has participated in the acts and practices described in this Complaint.  Norm Reeves Acura transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com, cargroupdirect.com, and normreevesacura.com.

16.    Defendant Port Charlotte Auto Retail, Inc. ("Port Charlotte"), also doing business as Port Charlotte Honda and Port Charlotte Volkswagen, is a Florida corporation.  The corporation's physical retail address is 1252 Tamiami Trail, Port Charlotte, FL 33953.  The corporation's mailing address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The corporation's registered address is 1252 Tamiami Trail, Port Charlotte, FL 33953.  The registered agent is William A. Long.  David Conant is President and the only Director of the corporation.  The Conant Family Trust holds 90% of the shares of the corporation.

At all times material to this Complaint, Port Charlotte has participated in the acts and practices described in this Complaint.  Port Charlotte transacts business in this district, including through the websites thecargroup.com, cargroupdirect.com, portcharlottehonda.com, charlottevw.com, and portcharlottevw.com.

17.    Defendant West Covina Auto Retail, Inc. ("Norm Reeves West Covina"), also doing business as Norm Reeves Honda Superstore West Covina, is a California corporation.  The corporation's physical retail address is 1840 East Garvey Avenue South, West Covina, CA 91791.  The corporation's registered address is 20322 SW Acacia Street, Suite 100, Newport Beach, CA 92660.  The registered agent is Janice L. Dietz.  David Conant is President and Director of the corporation.  The Conant Family Trust holds 90% of the shares of the corporation. At all times material to this Complaint, Norm Reeves West Covina has participated in the acts and practices described in this Complaint.  Norm Reeves West Covina transacts business in this district, including through a motor vehicle retail store or lot, through television, print, radio, Internet, and email advertisements reaching consumers living in the district, and through the websites thecargroup.com and normreeveswestcovina.com.

## COMMERCE

18.    At all times material to this Complaint, defendants and Defendant-Respondent (collectively "Defendants") have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## Prior Commission Proceeding

19.    In a Commission proceeding bearing Docket No. C-4436, the Commission charged Defendant-Respondent with, among other things:

a.    Making false or misleading representations that, when a consumer leases a vehicle, there would be almost no money due

at lease signing when in fact security deposits and/or significant fees would be due at lease signing, in violation of the FTC Act;

    b.    Disseminating consumer credit advertisements for vehicles that advertised a 0% APR, but failing to disclose and/or failing to disclose adequately that consumers who finance more than a certain amount will be charged more than 0% APR, in violation of the FTC Act;

    c.    Disseminating consumer lease advertisements for vehicles that failed to disclose and/or failed to disclose clearly and conspicuously terms for leasing the advertised vehicles, in violation of Regulation M, 12 C.F.R. Part 213, as amended, and the CLA, 15 U.S.C. §§ 1667-1667f, as amended; and

    d.    Disseminating consumer credit advertisements for vehicles that failed to disclose and/or failed to disclose clearly and conspicuously terms for financing the purchase of the advertised vehicles, in violation of Regulation Z, 12 C.F.R. Part 226, as amended, and TILA, 15 U.S.C. §§ 1601-1667, as amended.

20.    On February 20, 2014, the Commission issued its Consent Order approving a settlement with Defendant-Respondent.  In pertinent part, Parts I-V of the Consent Order state:

I.

IT IS HEREBY ORDERED that [Defendant-Respondent] and its officers, agents, representatives, and employees, directly or indirectly, in connection with any advertisement for the purchase, financing, or leasing of motor vehicles, shall not, in any manner, expressly or by implication:

 A.    Misrepresent the cost of:

1.      Leasing a vehicle, including but not necessarily limited to, the total amount due at lease inception, the downpayment, amount down, acquisition fee, capitalized cost reduction, any other amount required to be paid at lease inception, and the amounts of all monthly or other periodic payments; or

2.      Purchasing a vehicle with financing, including but not necessarily limited to, the amount or percentage of the downpayment, the number of payments or period of repayment, the amount of any payment, the annual percentage rate or any other finance rate, and the repayment obligation over the full term of the loan, including any balloon payment; or

B.      Misrepresent any other material fact about the price, sale, financing, or leasing of any vehicle.

## II.

IT IS FURTHER ORDERED that respondent and its officers, agents, representatives, and employees, directly or indirectly, in connection with any advertisement for the purchase or financing of motor vehicles, shall not in any manner, expressly or by implication, make any representation regarding an annual percentage rate or other interest rate, unless the representation clearly and conspicuously discloses any material limitation on obtaining the rate, including whether different rates apply based on the amount financed, and if so, the different rates that apply.

## III.

IT IS FURTHER ORDERED that [Defendant-Respondent] and its officers, agents, representatives, and employees, directly or indirectly, in connection with any advertisement for any consumer lease, shall not, in any manner, expressly or by implication:

A.      State the amount of any payment or that any or no initial payment is required at lease inception without disclosing clearly and conspicuously the following terms:

  1.      That the transaction advertised is a lease;

  2.      The total amount due at lease signing or delivery;

  3.      Whether or not a security deposit is required;

  4.      The number, amounts, and timing of scheduled payments; and

  5.      That an extra charge may be imposed at the end of the lease term in a lease in which the liability of the consumer at the end of the lease term is based on the anticipated residual value of the vehicle; or

B.      Fail to comply in any respect with Regulation M, 12 C.F.R.  Part 213, as amended, and the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667f, as amended.

                                      IV.

IS FURTHER ORDERED that [Defendant-Respondent] and its officers, agents, representatives, and employees, directly or indirectly, in connection with any advertisement for any extension of consumer credit, shall not, in any manner, expressly or by implication:

A.  State the amount or percentage of any downpayment, the number of payments or period of repayment, the amount of any payment, or the amount of any finance charge, without disclosing clearly and conspicuously all of the following terms:

  1.      The amount or percentage of the downpayment;

  2.      The terms of repayment; and

  3.      The annual percentage rate, using the term "annual percentage rate" or the abbreviation "APR." If the annual percentage rate may be

increased after consummation of the credit transaction, that fact must also be disclosed; or

B.      State a rate of finance charge without stating the rate as an "annual percentage rate" or the abbreviation "APR," using that term; or

C.      Fail to comply in any respect with Regulation Z, 12 C.F.R. Part 226, as amended, and the Truth in Lending Act, as amended, 15 U.S.C. §§ 1601-1667.

V.

IT IS FURTHER ORDERED that [Defendant-Respondent] shall, for five (5) years after the last date of dissemination of any representation covered by this order, maintain and upon request make available to the Federal Trade Commission for inspection and copying:

A.      All advertisements and promotional materials containing the representation;

B.      All materials that were relied upon in disseminating the representation;

C.      All evidence in its possession or control that contradicts, qualifies, or calls into question the representation, or the basis relied upon for the representation, including Complaints and other communications with consumers or with governmental or consumer protection organizations; and

D.      Any documents reasonably necessary to demonstrate full compliance with each provision of this order, including but not limited to all documents obtained, created, generated, or that in any way relate to the requirements, provisions, or terms of this order, and all reports submitted to the Commission pursuant to this order.

21.     The Consent Order defines "clearly and conspicuously" to mean:

a.      In a print advertisement, the disclosure shall be in a type size, location, and in print that contrasts with the background against which it appears, sufficient for an ordinary consumer to notice, read, and comprehend it.

b.      In an electronic medium, an audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it.  A video disclosure shall be of a size and shade and appear on the screen for a duration, and in a location, sufficient for an ordinary consumer to read and comprehend it.

c.      In a television or video advertisement, an audio disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it.  A video disclosure shall be of a size and shade, and appear on the screen for a duration, and in a location, sufficient for an ordinary consumer to read and comprehend it.

d.      In a radio advertisement, the disclosure shall be delivered in a volume and cadence sufficient for an ordinary consumer to hear and comprehend it.

e.      In all advertisements, the disclosure shall be in understandable language and syntax.  Nothing contrary to, inconsistent with, or in mitigation of the disclosure shall be used in any advertisement or promotion.

22.     The Consent Order additionally states:

IT IS FURTHER ORDERED that [Defendant-Respondent], within sixty (60) days after the date of service of this order, shall file with the Commission a true and accurate report, in writing, setting forth in detail the manner and form of its own compliance with this order.  Within ten (10)

days of receipt of written notice from a representative of the Commission, it shall submit additional true and accurate written reports.

23.     A copy of the Consent Order is attached hereto as Exhibit A.  The FTC served the Consent Order on Norm Reeves on March 4, 2014.  The Consent Order has remained in full effect since.

## DEFENDANTS' CONDUCT

24.     Defendants' fourteen motor vehicle dealerships in Southern California and Florida operate under common ownership and management.  All of Defendants' dealerships are majority owned by either David Conant or the Conant Family Trust.  They are all managed by the Conant Auto Retail Group, also known as "the CAR Group."  The CAR Group operates a website that directs consumers to each of the Defendants' websites.  Consumers can also view product availability for all the California Defendant dealerships directly on the thecargroup.com website.  In addition to their interconnected Internet websites, Defendants sell cars through fourteen retail stores.

25.     Defendants advertise their dealerships and websites through a variety of media, including, but not limited to:  television, print, radio, Internet, email, and mobile device advertising targeting consumers in Southern California and Florida.  Through these dealerships, Defendants together sell or lease tens of thousands of new and used vehicles per year.

## Defendants' Notice of the Consent Order

26.     On September 18, 2013, David Conant signed the Consent Order on behalf of Norm Reeves, Inc. as the corporation's President.  David Conant is the CEO or President and a director of all twelve defendant corporations.

### Advertisements with Hidden Conditions and Costs That
### Misrepresent Terms of Leasing or Financing Vehicles

27.     Since receiving service of the Consent Order, Defendants have offered to lease or finance motor vehicles in television, print, radio, Internet, and email advertisements, and on their various websites.  These ads frequently misrepresented that the prominently displayed attractive terms, such as a low monthly payment or annual percentage rate, were the full material terms of the offer (Exhibits B-K).

28.     For example, Defendant Norm Reeves Cerritos Ford sent a promotional email to consumers between November 24, 2015, and November 30, 2015 (Exhibit B).  According to the prominent terms of the advertisement, consumers can lease a new vehicle for an attractive low monthly payment ("Lease for $99/mo + tax.").  In fact, consumers must have "approved tier 1+ credit with $4,000 due at lease signing after application of $7,257 RCL Customer Cash Rebate and $250 Competitive Lease Conquest Rebate or $11,507 due at lease signing without rebates."

29.     In another example, Defendant Norm Reeves Buick GMC ran a television ad between November 16, 2015, and November 30, 2015 (Exhibit G-1 at Folder 1).  Defendant offers "lease for $139 per mo + tax for 39 months" both in the voiceover and prominent text on the screen.  In fact, this offer is only available to consumers with "tier A1 credit" and has a significant downpayment, "$2,500 due at signing after application of $1,500 GM Loyalty Cash or $4,000 due at signing without GM Loyalty Cash."

30.     In another example, Defendant Norm Reeves Huntington Beach sent out a promotional email to consumers between May 20, 2015, and July 6, 2015 (Exhibit C).  According to the prominent terms of the advertisement, consumers can finance a purchase of a new Honda Civic at "1.9% APR for 72 months."  In

1   fact, only a consumer with tier 1 credit qualifies for the offer, and, even then

2   "down payment varies depending on credit approval."

### Consumer Lease Advertisements Without
### Required Clear and Conspicuous Disclosures

5   31.   Since receiving notice of the Consent Order, Defendants have

6   promoted the extension of consumer leases for motor vehicles in numerous

7   television, radio, direct mail, Internet, and email advertisements as well as at the

8   various websites under their control.  Defendants' lease offers often contain a

9   prominent "triggering term," (as it is commonly known under the CLA and

10  Regulation M), such as the monthly payment or a claim that no initial payment is

11  required at lease inception.  These advertisements fail to disclose, or fail to disclose

12  clearly and conspicuously, that the transaction is for a lease, the total amount due

13  at signing or delivery, or whether a security deposit is required.

14  32.   In addition, many of these advertisements contain offers that are only

15  available to consumers with "tier 1+" credit.  Most consumers do not have a credit

16  score high enough to be considered "tier 1+" and therefore do not qualify for many

17  of Defendants' advertised offers.

18  33.   For example, Defendant Norm Reeves, Inc. posted an advertisement

19  on Twitter on August 19, 2015 (Exhibit D).  The post claims that consumers can

20  "Get a new 2015 Honda Civic LX CVT Sedan for only $139 per month on a

21  lease!"  This advertisement fails to include information about the total amount due

22  at lease signing or delivery, whether or not a security deposit is required, and the

23  number of scheduled payments.

24  34.   In another example, Defendant Norm Reeves, Inc. posted an

25  advertisement on Facebook from at least June 22, 2015, to June 30, 2015 (Exhibit

26  E).  The sponsored post advertised, "Lease a brand new 2015 Honda Civic for only

27  $89/month!  Hurry in for this chance to SAVE!"  This advertisement does not

28

1    include the total amount due at lease signing or delivery, whether or not a security

2    deposit is required, and the number of scheduled payments.

3          35.    In another example, Defendant Norm Reeves West Covina ran an

4    advertisement on a series of platforms, including, but not limited to:  Mobile App:

5    Gmail (Google Play) by Google Inc., Mail.google.com,

6    Mail.google.com/promotions, Youtube.com, Accuweather.com,

7    Localconditions.com, Listings.findthecompany.com, Weather.com, Surfline.com,

8    Dineries.com, and Youtube.com.  The advertisement ran on these platforms from

9    at least December 1, 2015, until January 4, 2016 (Exhibit F).  The advertisement

10   reads "$0 due at lease signing" and "Lease for $159 /mo + tax."  Although the

11   advertisement includes additional language on the right side, it is small, grey, and

12   illegible.  The advertisement fails to state whether or not a security deposit is

13   required, and the number of scheduled payments.

14         36.    In another example, Defendant Conant San Diego ran a television

15   advertisement on Cox Cable between at least May 15, 2015, and June 1, 2015

16   (Exhibit G and Exhibit G-1 at Folder 2).  The advertisement prominently features

17   the claim "Lease $89/MO" for a new 2015 Toyota Corolla.  The advertisement

18   displays fine print at the bottom of the page for only a few seconds and a moving

19   hand obscures it for all but one second on the screen.  The obscured disclosure

20   states $3,500 is due at lease signing if the consumer qualifies for the "College

21   Graduate Rebate."  If not, $4,250 is due at lease signing.  In addition, the offer is

22   only available to those consumers with tier 1+ credit.  Defendants aired numerous

23   versions of this advertisement with the same "disclosure."

24         37.    There are numerous additional examples where Defendants made

25   lease offers with a triggering term that failed to disclose clearly and conspicuously

26   the total amount due at signing or delivery or whether a security deposit was

27   required, and, in numerous cases, failed to disclose clearly and conspicuously that

28

they were only available to consumers with "Tier 1+" or "Tier A1" credit (Exhibits H and G-1).

## Consumer Credit Advertisements Without
## Required Clear and Conspicuous Disclosures

38.     Since receiving notice of the Consent Order, Defendants have promoted closed-end consumer credit for the purchase of motor vehicles in numerous television, radio, direct mail, Internet, and email advertisements, and at the various websites under their control.   Defendants' advertisements for closed-end credit offers often contain a prominent "TILA triggering term" (as it is known under TILA and Regulation Z), such as the amount or percentage of any downpayment, the number of payments or period of repayment, the amount of any payment, or the amount of any finance charge.  These advertisements fail to disclose, or to clearly and conspicuously disclose, the amount or percentage of the downpayment and the full terms of repayment.

39.     For example, Defendant Norm Reeves Buick GMC ran an advertisement on its homepage, normreevesbuickgmc.com between at least May 1, 2015, and June 2, 2015 (Exhibit I).  The advertisement states, "0% APR For 60 Mos."  The advertisement fails to include the amount or percentage of the downpayment and the full terms of repayment.  Defendants continued to run a virtually identical advertisement for the same offer during the months of June and July, 2015.

40.     In another example, Defendant Norm Reeves Huntington Beach ran a newsprint advertisement in the Huntington Beach News from at least July 31, 2015, to August 20, 2015 (Exhibit J).  The advertisement fails to include the amount or percentage of the downpayment and the full terms of repayment.

41.     There are numerous additional examples where defendants Norm Reeves Cerritos Ford, Norm Reeves Honda Irvine, Port Charlotte, and Norm

Reeves West Covina also advertised closed-end consumer credit offers that contained a "TILA triggering term" and failed to disclose, or to clearly and conspicuously disclose, the amount or percentage of the downpayment and the full terms of repayment (Exhibit K).

### NORM REEVES, INC.'S RECORDKEEPING FAILURES

42.     Defendant-Respondent Norm Reeves, Inc. agreed in Parts V and VIII of the Consent Order to retain certain business records, produce them upon request, and submit compliance reports.

43.     FTC staff sought compliance information pursuant to the Consent Order from Defendant-Respondent.

44.     Specifically, on August 4, 2016, the FTC requested records including: (i) the original dimensions of advertisements submitted to the FTC pursuant to earlier requests; (ii) information as to who created previously produced advertisements; (iii) information about advertised consumer rebate offers; (iv) information about advertised credit offers; (v) information about advertised lease offers; (vi) information about annual vehicle sales information; and (vii) the number of visitors to Defendant-Respondent's showroom in the applicable time.

45.     Defendant-Respondent Norm Reeves, Inc. responded, "Norm Reeves, Inc. is not in the custody, control, or possession" of the information.  The Defendant-Respondent did not provide any information in response to these requests.

### VIOLATIONS OF CONSENT ORDER
### FIRST CAUSE OF ACTION
### (CONSENT ORDER PART I – MISREPRESENTATIONS)
### (All Defendants)

46.     In numerous instances, Defendants disseminated or caused the dissemination of advertisements representing that:

a.     The monthly price of leasing a vehicle constitutes the total price of

1    the lease; or

2        b.    The offer is available to most consumers.

3    47.    In truth and in fact, in numerous of these instances:

4        a.    The monthly price of leasing a vehicle does not constitute the total

5              price of the lease because consumers have to make a

6              downpayment; or

7        b.    The offer is not available to most consumers.

8    48.    Therefore, Defendants' representations described in Paragraph 46

9    above constitute misrepresentations, in violation of Parts I(A) and (B) of the

10   Consent Order.

11                   **SECOND CAUSE OF ACTION**

12   **(CONSENT ORDER PART III – CLA / REGULATION M – CONSUMER**

                            **LEASES)**

13                        **(All Defendants)**

14   49.    In numerous instances, Defendants disseminated or caused the

15   dissemination of offers promoting, directly or indirectly, consumer leases for a

16   motor vehicle that, similar to those described in Paragraphs 27-29, and 31-37,

17   contained a prominent CLA "triggering term," but:

18       a.    Did not contain the total amount due at lease signing or delivery, a

19             statement of whether or not a security deposit is required, or the

20             number, amounts, and timing of scheduled payments; or

21       b.    Failed to disclose all required information "clearly and

22             conspicuously," as defined in the Consent Order, including the

23             total amount due at lease signing or delivery, a statement of

24             whether or not a security deposit is required, or the number,

25             amounts, and timing of scheduled payments.

26

27

28

50.     By failing to make these disclosures as required by Part III(A) of the Consent Order, or failing to make these disclosures "clearly and conspicuously," Defendants violated Part III(A) of the Consent Order.

### THIRD CAUSE OF ACTION
### (CONSENT ORDER PART IV – TILA / REGULATION Z – CONSUMER CREDIT)
### (Defendants Norm Reeves, Inc.; Cerritos Ford, Inc.; Coastal Auto Sales, Inc.; Conant Automotive Resources, LLC; Irvine Auto Retail I, Inc.; Irvine Auto Retail III, Inc.; Port Charlotte Auto Retail, Inc.; and West Covina Auto Retail, Inc.)

51.     In numerous instances, Defendants disseminated or caused the dissemination of offers promoting, directly or indirectly, the extension of consumer credit for a motor vehicle that, similar to those described in Paragraphs 30 and 38-41, contained a prominent "TILA triggering term," but:

      a.   Omitted the amount or percentage of the downpayment or the terms of repayment; or

      b.   Failed to state all TILA-required disclosures "clearly and conspicuously," as defined in the Consent Order, including the amount or percentage of the downpayment or the terms of repayment.

52.     By failing to make these disclosures as required by Part IV of the Consent Order, or failing to make the required disclosures "clearly and conspicuously," Defendants violated Part IV of the Consent Order.

## FOURTH CAUSE OF ACTION
## (CONSENT ORDER PART V – FAILURE TO RETAIN AND PRODUCE RECORDS)
## (Defendant-Respondent Norm Reeves, Inc.)

53.     Part V of the Consent Order requires Defendants "for five (5) years after the last date of dissemination of any representation covered by [the Consent Order], [to] maintain and upon request make available to the Federal Trade Commission for inspection and copying:

A.     All advertisements and promotional materials containing the representation;

B.     All materials that were relied upon in disseminating the representation;

C.     All evidence in its possession or control that contradicts, qualifies, or calls into question the representation, or the basis relied upon for the representation, including complaints and other communications with consumers or with governmental or consumer protection organizations; and

D.     Any documents reasonably necessary to demonstrate full compliance with each provision of [the Consent Order], including but not limited to all documents obtained, created, generated, or that in any way relate to the requirements, provisions, or terms of [the Consent Order], and all reports submitted to the Commission pursuant to [the Consent Order]."

54.     In numerous instances in which Defendants disseminated specific offers to provide consumer credit or leases in connection with motor vehicles, Defendants:

a.  Did not maintain materials, such as complete copies of all advertisements produced by or on behalf of Defendants; or

b.  Did not make them available, upon request, to the FTC for inspection and copying.

55.    Defendants' acts or practices, as described in Paragraph 54 above, violated Part V of the Consent Order.

**CIVIL PENALTIES AND REDRESS OF CONSUMER INJURY**

56.    Each representation Defendants have made in violation of the Consent Order constitutes a separate violation for which Plaintiff may seek civil penalties. Additionally, each of Defendant-Respondent's failures to maintain and make available materials and each failure to submit true and accurate written reports constitutes a separate violation for which Plaintiff may seek civil penalties. Each day Defendants have made, or have continued to make, representations in violation of the Consent Order constitutes a separate violation for which Plaintiff may seek civil penalties.

57.    Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), as modified by the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461 (note), and Section 1.98(c) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(c), authorizes the Court to award monetary civil penalties of up to $40,654 for each such violation of the Consent Order.

58.    Under Section 5(*l*) of the FTC Act, 15 U.S.C. § 45(*l*), this Court is authorized to permanently enjoin Defendants from violating the Consent Order and grant ancillary relief.

59.    Section 19 of the FTC Act, 15 U.S.C. § 57b, authorizes this Court to grant such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the Consent Order, including the rescission or reformation of contracts, the refund of money or return of property, the payment of damages, and public notification respecting the unfair or deceptive practice.

1

**PRAYER FOR RELIEF**

2      60.    WHEREFORE, Plaintiff requests this Court, pursuant to 15 U.S.C.

3  § 45(*l*) and 57b, and pursuant to the Court's own equitable powers, to:

4         a.    Enter judgment against Defendants and in favor of the Plaintiff for

5               each violation alleged in this Complaint;

6         b.    Award Plaintiff monetary civil penalties from Defendants for each

7               violation of the Consent Order alleged in this Complaint;

8         c.    Award such relief as the Court finds necessary to redress injury to

9               consumers resulting from the Defendants' violations of the of the

10              Consent Order alleged in this Complaint, including, but not limited

11              to, rescission or reformation of contracts, the refund of money or

12              return of property, the payment of damages, and public notification

13              respecting the unfair or deceptive practice;

14        d.    Enter a permanent injunction to prevent Defendants from violating

15              the Consent Order;

16        e.    Award Plaintiff its costs and attorneys' fees incurred in connection

17              with this action; and

18        f.    Award Plaintiff such additional relief as the Court may deem just

19              and proper.

20

21

22 DATED: _11/3/17_             Respectfully submitted,

23

24                        DAVID C. SHONKA

                          Acting General Counsel

25

26                        *Barbara Chun*

27                        MIRIAM R. LEDERER

                       DC Bar No. 983730; mlederer@ftc.gov

28

Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
mlederer@ftc.gov
(202) 326-2975 (phone)
(202) 326-3197 (fax)

BARBARA CHUN (Local Counsel)
CA Bar No. 186907; bchun@ftc.gov
10990 Wilshire Boulevard, Suite 400
Los Angeles, CA 90024
(310) 824-4343 (phone)
(310) 824-4380 (fax)

Attorneys for Plaintiff
Federal Trade Commission