JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>NORM REEVES, INC., also d/b/a Norm Reeves Honda Superstore Cerritos, a California corporation; CERRITOS FORD, INC., also d/b/a Norm Reeves Ford Superstore Cerritos, Norm Reeves Lincoln, and Norm Reeves Hyundai Superstore, a California corporation; CERRITOS INFINITI, INC., also d/b/a Cerritos Infiniti, a California corporation; COASTAL AUTO SALES, INC., also d/b/a Norm Reeves Honda Superstore Huntington Beach, a California corporation; CONANT AUTOMOTIVE RESOURCES, LLC, also d/b/a Conant Auto Retail Group and the CAR Group, a California limited liability company; CONANT AUTO RETAIL, SAN DIEGO, INC., also d/b/a Toyota San Diego and Scion San Diego, a California corporation; IRVINE AUTO RETAIL | Case No. 8:17-cv-01942-JLS-DFM<br><br>**STIPULATED SETTLEMENT AND CONSENT ORDER** |

| | |
|---|---|
| I, INC., also d/b/a Norm Reeves Honda Irvine, a California corporation; IRVINE AUTO RETAIL II, INC., also d/b/a Norm Reeves Volkswagen, a California corporation; IRVINE AUTO RETAIL III, INC., also d/b/a Norm Reeves Buick GMC, a California corporation; PARKWAY PREMIUM MOTORCARS, INC., also d/b/a Norm Reeves Acura of Mission Viejo, a California corporation; PORT CHARLOTTE AUTO RETAIL, INC., also d/b/a Port Charlotte Honda and Port Charlotte Volkswagen, a Florida corporation; and WEST COVINA AUTO RETAIL, INC., also d/b/a Norm Reeves Honda Superstore West Covina, a California corporation, <br><br>          Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Civil Penalties and Other Relief ("Complaint"), for a permanent injunction, civil penalties, and other relief in this matter, pursuant to Sections 5(*l*), 16(a), and 19 of the Federal Trade Commission Act, 15 U.S.C. §§ 45(*l*), 56(a), and 57b, as amended; the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667, as amended; and its implementing Regulation Z, 12 C.F.R. Part 226, as amended; the Consumer Leasing Act ("CLA"), 15 U.S.C. §§1667-1667f, as amended; and its implementing Regulation M, 12 C.F.R. Part 213, as amended. Defendants have waived service of the summons and the Complaint. The Commission and Defendants stipulate to the entry of this Stipulated Settlement and Consent Order ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants violated the FTC Decision and Order in FTC Docket No. C-4436 ("FTC Order").

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

**DEFINITIONS**

For the purpose of this Order, the following definitions shall apply:

A. "Advertisement" shall mean a commercial message in any medium that directly or indirectly promotes a consumer transaction.

B. "Clearly and conspicuously" shall mean that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

    1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be made visually or audibly.

    2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from

any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C. "Consumer credit" shall mean credit offered or extended to a consumer primarily for personal, family, or household purposes, as set forth in Section 226.2(a)(12) of Regulation Z, 12 C.F.R. § 226.2(a)(12), as amended.

D. "Consumer lease" shall mean a contract in the form of a bailment or lease for the use of personal property by a natural person primarily for personal, family, or household purposes, for a period exceeding four months and for a total contractual obligation not exceeding the applicable threshold amount, whether or

1 | not the lessee has the option to purchase or otherwise become the owner of the
2 | property at the expiration of the lease, as set forth in Section 213.2 of Regulation
3 | M, 12 C.F.R. § 213.2, as amended.

E. "Corporate Defendants" shall mean Norm Reeves, Inc., also d/b/a Norm Reeves Honda Superstore Cerritos; Cerritos Ford, Inc., also d/b/a Norm Reeves Ford Superstore Cerritos, Norm Reeves Lincoln, and Norm Reeves Hyundai Superstore; Cerritos Infiniti, Inc., also d/b/a Cerritos Infiniti; Coastal Auto Sales, Inc., also d/b/a Norm Reeves Honda Superstore Huntington Beach; Conant Automotive Resources, LLC, also d/b/a the Conant Auto Retail Group and the CAR Group; Conant Auto Retail, San Diego, Inc., also d/b/a Toyota San Diego and Scion San Diego; Irvine Auto Retail I, Inc., also d/b/a Norm Reeves Honda Irvine; Irvine Auto Retail II, Inc., also d/b/a Norm Reeves Volkswagen; Irvine Auto Retail III, Inc., also d/b/a Norm Reeves Buick GMC; Parkway Premium Motorcars, Inc., also d/b/a Norm Reeves Acura of Mission Viejo; Port Charlotte Auto Retail, Inc., also d/b/a Port Charlotte Honda and Port Charlotte Volkswagen; West Covina Auto Retail, Inc., also d/b/a Norm Reeves Honda Superstore West Covina; and their successors and assigns.

F. "Defendants" shall mean all of the Corporate Defendants, individually, collectively, or in any combination.

G. "Lease inception" shall mean prior to or at consummation of the lease or by delivery, if delivery occurs after consummation.

H. "Manager" shall mean any and all persons with supervisory authority, including the ability to hire and fire personnel.

I. "Material" shall mean likely to affect a person's choice of, or conduct regarding, goods or services.

J. "Motor vehicle" or "vehicle" shall mean:
    a. Any self-propelled vehicle designed for transporting persons or property on a street, highway, or other road;

|   |   |
|---|---|
| 1 |       b. Recreational boats and marine equipment; |
| 2 |       c. Motorcycles; |
| 3 |       d. Motor homes, recreational vehicle trailers, and slide-in campers; |
| 4 |       and |
| 5 |       e. Other vehicles that are titled and sold through dealers. |

**I. PROHIBITION AGAINST MISREPRESENTATIONS**

IT IS HEREBY ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any advertisement for the purchase, financing, or lease of motor vehicles are permanently restrained and enjoined from, expressly or by implication:

    A. Misrepresenting the cost of leasing a vehicle, including but not limited to, the total amount due at lease inception, the down payment, amount down, acquisition fee, capitalized cost reduction, any other amount required to be paid at lease inception, and the amounts of all monthly or other periodic payments;

    B. Misrepresenting the cost of purchasing a vehicle with financing, including but not limited to, the amount or percentage of the down payment, the number of payments or period of repayment, the amount of any payment, and the repayment obligation over the full term of the loan, including any balloon payment; or

    C. Misrepresenting any other material fact about the price, sale, financing, or leasing of any vehicle.

**II. CONSUMER LEASING ACT**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees and attorneys, and all other persons in active concert and participation with any of them, who receive actual notice of this Order, whether acting directly

or indirectly, in connection with any advertisement for any consumer lease, are permanently restrained and enjoined from, expressly or by implication:

 A. Stating the amount of any payment or that any or no initial payment is required at lease inception, without disclosing clearly and conspicuously the following terms:

  1. That the transaction advertised is a lease;

  2. The total amount due at lease signing or delivery;

  3. Whether or not a security deposit is required;

  4. The number, amounts, and timing of scheduled payments; and

  5. That an extra charge may be imposed at the end of the lease term in a lease in which the liability of the consumer at the end of the lease term is based on the anticipated residual value of the vehicle; or

 B. Failing to comply in any respect with Regulation M, 12 C.F.R. Part 213, as amended, and the Consumer Leasing Act, 15 U.S.C. §§ 1667-1667f, as amended.

## III. TRUTH IN LENDING ACT

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees and attorneys, and all other persons in active concert and participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with any advertisement for any extension of consumer credit, are permanently restrained and enjoined from, expressly or by implication:

 A. Stating the amount or percentage of any down payment, the number of payments or period of repayment, the amount of any payment, or the amount of any finance charge, without disclosing clearly and conspicuously all of the following terms:

  1. The amount or percentage of the down payment;

  2. The terms of repayment; and

|     |     |
| --- | --- |
| 1   | 3. The annual percentage rate, using the term "annual percentage rate" or the abbreviation "APR." If the annual percentage rate may be increased after consummation of the credit transaction, that fact must also be disclosed; |
| 5   | B. Stating a rate of finance charge without stating the rate as an "annual percentage rate" or using the abbreviation "APR"; or |
| 7   | C. Failing to comply in any respect with Regulation Z, 12 C.F.R. Part 226, as amended, and the Truth in Lending Act, 15 U.S.C. §§ 1601-1667, as amended. |

## IV. MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Judgment in the amount of One Million Four Hundred Thousand Dollars ($1,400,000) is entered in favor of the Commission against Defendants, jointly and severally, as a civil penalty.

B. Defendants are ordered to pay to the Commission, One Million Four Hundred Thousand Dollars ($1,400,000), which, as Defendants stipulate, their undersigned counsel currently holds. This money will be used for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

C. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in

accordance with 31 U.S.C. §7701.

**V.  ORDER ACKNOWLEDGMENTS**

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A. Each Defendant, individually or jointly, within 30 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, each Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and dealership managers; (2) all managerial employees, agents, and representatives who participate in conduct related to the subject matter of the Order, including advertising, financing, leasing, and sales; and (3) any business entity resulting from any change in structure as set forth in the Part titled Compliance Reporting. Delivery must occur within 14 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**VI.  COMPLIANCE REPORTING**

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defendant, individually or jointly, must submit a compliance report, sworn under penalty of perjury. Each Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their

names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each acknowledgement of this Order obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 30 days of any change in the following: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal

Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: Norm Reeves, Inc., et al., Matter No. C-4436.

## VII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of this Order, and retain each such record for 5 years. Specifically, Defendants must maintain the following records:

 A. Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss. The Defendants' business records shall be maintained such that Defendants can determine the revenues from consumer credit transactions alone, and the revenues from consumer lease transactions alone, should such information be requested;

 B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name, addresses, and telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

 C. Complaints and refund requests regarding or related to the terms, conditions, requirements for, or any other material fact about the price, sale, financing, or leasing of a vehicle, whether received directly or indirectly, such as through a third party, and any response;

 D. Records sufficient to identify all (1) internal personnel and external entities and managerial personnel, including account managers, involved in advertisement creation, review, and publication, (2) lenders of consumer credit doing business with each Defendant, and (3) lessors of consumer leases doing business with each Defendant;

 E. Each unique advertisement or other promotional material. Each

advertisement or other promotional material presented through interactive electronic mediums, including the internet or mobile devices, must be maintained in a manner that shows how consumers would interact with the advertisement or other promotional material;

F. All materials that were relied upon in developing and disseminating any representation referenced in Part VII(E) above;

G. All tests, reports, studies, surveys, calculations, or other evidence in any Defendant's possession or control that contradict, qualify, or call into question any representation referenced in Part VII(E) above, or the basis relied upon for the representation, including complaints and other communications with consumers or with governmental or consumer protection organizations; and

H. All other records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission.

**VIII. COMPLIANCE MONITORING**

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order

for one or more of the protections set forth in Rule 26(c).

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## IX. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

Dated: November 13, 2017

_____
THE HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE